MURDOCK, Justice
(concurring specially).
I agree with the main opinion. I write separately to take further note of certain aspects of the evidence and the issues in this ease.
As the main opinion observes, the asserted superiority of the offer of Corner Stone Funeral Chapel, Inc. (“Corner Stone”), was based on Corner Stone’s plan to absorb the cost of all grave markers already purchased by holders of outstanding preneed contracts. This plan was in turn based on the ore tenus testimony of Corner Stone’s owner, William Dalton— indeed, his opinion testimony — that includ *633 ed an “estimate” by him that only 30% of the preneed contracts Corner Stone would assume as part of the assets of Mountain View Gardens & Mausoleum, Inc., would include grave markers. On the basis of this opinion and estimate, Dalton’s testimony was that Corner Stone could afford to provide the markers at a cost of $60,000.
First, the trial court was free to observe Dalton in his ore tenus testimony and to find him not to be a credible witness. On this basis alone, I do not believe that we can consider the evidence supporting Corner Stone’s offer to be “undisputed.” The trial court thus could have found Corner Stone’s plan to pay for all markers to be unreliable, and, as an appellate court, we are not in a position to second-guess the trial court’s assessment of Dalton’s testimony in this regard.
Aside from the possible credibility or weight concerns the trial court might have applied to Dalton’s testimony, the main opinion notes that his testimony was directly disputed by other ore tenus testimony. In addition to the evidence noted in the main opinion, Keary Chandler, the owner of Rainsville Funeral Home and of MVMG, LLC (“the LLC”), testified that the number of markers that might have to be paid for was unknown and variable. In fact, Chandler estimated that the cost of the markers might be $150,000, as opposed to the $60,000 Dalton estimated. The trial court could have found the LLC’s approach to the issue of the markers, and, by implication, the management of the contracts in general, to be more fiscally sound, and Corner Stone’s proposed approach not to be credible. Janice Gilbert, a member of the MVMG Mausoleum Association, also questioned whether Corner Stone could afford to provide the markers it was promising to provide (suggesting that the cost of the markers might have been what led the prior owner into insolvency in the first place).
Given the ore tenus standard of review applicable in this case, this Court can overturn the trial court’s decision as to which company would better serve the interests of the preneed-contract holders in the long run only if it can determine as a matter of law that the seemingly more favorable proposal by Corner Stone was fiscally sound and based on reliable estimates. The testimony in favor of Corner Stone as to these questions was received by the trial court ore tenus and, thus, was subject to credibility and weight determinations by the judge and also was disputed by other ore tenus testimony. I therefore believe that we must affirm the trial court’s judgment as to which company was likely to provide more beneficial and dependable service to the preneed-contract holders.